**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ORG HOLDINGS LTD., on behalf of itself and all others similarly situated, | ) ) | CASE NO. |
| | ) | |
| | ) | JUDGE |
| Plaintiff, | ) | |
| | ) | **DEFENDANT BMW FINANCIAL** |
| v. | ) | **SERVICES NA, LLC'S NOTICE OF** |
| | ) | **REMOVAL TO FEDERAL COURT** |
| BMW FINANCIAL SERVICES NA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

PLEASE TAKE NOTICE THAT Defendant BMW Financial Services NA, LLC ("Defendant"), by and through counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and the right to demand arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby removes the above-captioned action from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division. Defendant removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the requirements for removal under the Class Action Fairness Act ("CAFA") are met. Defendant denies the allegations and relief sought, and files this Notice of Removal without waiving any defenses, exceptions, or obligations that may exist in its

favor. Defendant will provide additional evidence to support the allegations of this pleading to the extent required in the event a challenge is raised to the Court's jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Defendant files this Notice of Removal "containing a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). This removal is based on the following grounds:

## I.  PROCEDURAL BACKGROUND

1.      On March 19, 2024, Plaintiff filed its Class Action Complaint (the "Complaint") against Defendant in the Court of Common Pleas, Civil Division, Cuyahoga County, Ohio, captioned *ORG Holdings Ltd. v. BMW Financial Services NA, LLC*, Case No. CV-24-994599. A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2.      By the Complaint, Plaintiff purports to seek relief under a theory of unjust enrichment on behalf of itself and a nationwide class consisting of "hundreds of individuals." (Compl. ¶¶ 35, 38, 70.)

3.      On March 19, 2024, the Clerk of Court of Common Pleas issued a Summons. A copy of the Summons is attached hereto as **Exhibit B**.

4.      On March 25, 2024, Defendant was served with the Summons and Complaint by service on Defendant's registered agent by USPS First-Class Certified Mail. A copy of the Certified Mail delivery confirmation is attached hereto as **Exhibit C**.

5.      Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Defendant are included in the exhibits attached to this Notice of Removal.  A copy of the Docket for *ORG Holdings Ltd. v. BMW Financial Services NA, LLC*, Case No. CV-24-994599, Court of Common Pleas, Civil Division, Cuyahoga County, Ohio, is attached hereto as **Exhibit D**.

- 2 -

II.     **REMOVAL IS TIMELY**

6.      Thirty days from the date of service on Defendant of the Summons and Complaint is April 24, 2024. This Notice of Removal is therefore due on or before April 24, 2024, to comply with the statute. *See* 28 U.S.C. § 1446(b). Accordingly, removal by this Notice of Removal is timely.

III.    **THE COURT HAS DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(d)**

7.      This Court has subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d), because: (1) there are at least 100 putative class members; (2) there is minimal diversity of citizenship between the parties; and (3) the aggregate amount in controversy exceeds $5 million. *See Nessel ex rel. Mich. V. AmeriGas Partners, L.P*. 954 F.3d 831, 834 (6th Cir. 2020).

    A.      **The Putative Class Consists of More than 100 Members.**

8.      For removal under CAFA diversity jurisdiction, the proposed plaintiff class must total not less than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

9.      Plaintiff alleges that "there are hundreds of individuals in the Class." (Compl. ¶ 38.)

10.     Thus, by Plaintiff's own assertions in the Complaint, this case concerns a putative class action in which Plaintiff "seeks certification of a nationwide class . . . well in excess of the statutory minimum of one hundred putative class members." *See Family Tacos, LLC v. Auto Owners Ins. Co.*, No. 5:20-CV-01922, 2021 WL 110797, at *2–3 (N.D. Ohio Jan. 12, 2021).

    B.      **Minimal Diversity of Citizenship Exists.**

11.     Diversity jurisdiction under CAFA requires only minimal diversity. "Minimal diversity requires that 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Adelstein v. Walmart, Inc.*, No. 1:23-CV-00067, 2023 WL 5607457, at *3 (N.D. Ohio

- 3 -

Aug. 30, 2023) (quoting 28 U.S.C. § 1332(d)(2)(A)).

12.    For purposes of analyzing CAFA diversity jurisdiction, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) ("But § 1332(d)(10) tells us that, for the purpose of § 1332(d), an unincorporated entity is treated like a corporation under § 1332(c)(1): one citizenship for the state of its principal place of business, another for the state of its organization, and the investors' citizenship ignored.").

### i.    *Plaintiff Is a Citizen of Ohio.*

13.    Plaintiff is a limited liability company organized under the laws of the state of Ohio with its principal place of business in Ohio. (Compl. ¶ 1.) Accordingly, for the purpose of § 1332(d), Plaintiff is a citizen of Ohio.

### ii.    *Plaintiff's Putative Class Is a Nationwide Class.*

14.    Plaintiff seeks to bring the action on behalf of a nationwide class including "[a]ll persons in the United States" within the class definition. (Compl. ¶ 35.)

### iii.    *Defendant Is a Citizen of Delaware and New Jersey.*

15.    Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business in New Jersey. (Compl. ¶ 2.) Accordingly, for the purpose of § 1332(d), Defendant is a citizen of Delaware and New Jersey.

### iv.    *There Is Minimal Diversity.*

16.    There is thus no question that the parties are minimally diverse. Plaintiff itself is not a citizen of either state of which Defendant is a citizen. Additionally, the nationwide putative

class ostensibly includes citizens from states other than the two states of which Defendant is a citizen. Accordingly, Defendant and at least one Plaintiff are citizens of different states, satisfying the statute.

### C.     The Amount in Controversy Exceeds $5 Million.

17.     The Supreme Court has made clear that, for CAFA removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also Smith v. Nationwide Agribusiness Ins. Co.*, No. 1:21-cv-2049, 2022 WL 109263, at *1 (N.D. Ohio Jan. 12, 2022) ("Where, as here, a plaintiff's complaint does not state the amount in controversy, the removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence."). To satisfy this requirement, "[a] defendant is not required to 'research, state and prove the plaintiff's claim for damages' to a legal certainty." *Adelstein*, 2023 WL 5607457, at *3 (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

18.     Plaintiff's allegations against Defendant on behalf of a nationwide class concern claims based on the payment of "excess insurance proceeds" in an aggregate amount that exceeds $5 million. (Compl. passim.) Plaintiff seeks damages, restitution, and disgorgement as well as attorneys' fees and costs. (Compl. Prayer.)

19.     The allegations in the Complaint provide additional support that the amount in controversy exceeds $5 million. Plaintiff alleges that it individually is owed $16,735.66. (Compl. ¶¶ 33, 52.) Plaintiff further alleges that its "claims are typical of the claims of the proposed class." (*Id.* ¶ 40.) And Plaintiff alleges that "there are hundreds of individuals in the Class." (*Id.* ¶ 38.) By these allegations alone, a class totaling 299 members or more will exceed the $5 million CAFA

25432345.1

jurisdictional threshold. *See Family Tacos*, 2021 WL 110797, at *3 ("Aggregating the damages claimed on behalf of Plaintiff and all class members plausibly puts more than $5 million in controversy.").

        **D.**      **All Other Requirements for Removal Are Satisfied.**

       20.     Defendant submits that all other requirements for CAFA diversity jurisdiction removal are satisfied. Specifically, because Defendant is not a citizen of Ohio, where this action was originally filed, neither mandatory exception to CAFA diversity jurisdiction is present here. *See* 28 U.S.C. § 1332(d)(4). Specifically, because Defendant is not a state, state official, or other governmental entity, the exception under 28 U.S.C. § 1332(d)(5)(A) does not apply. Nor does the unjust enrichment claim in the Complaint fall within the various exceptions found in 28 U.S.C. § 1332(d)(9).

**IV.**    **VENUE**

       21.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Northern District of Ohio embraces the place where this action is pending, namely, the Court of Common Pleas, Civil Division, Cuyahoga County, Ohio.

**V.**    **NOTICE**

       22.     Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

**VI.**    **CONCLUSION**

       Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of this removal of this action, Defendant respectfully

requests the opportunity to present evidence, briefing, and oral argument in support of its position that this case is subject to removal. *See Dart Cherokee*, 574 U.S. at 89 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

Dated:  April 18, 2024

Respectfully submitted,

*/s/ James W. Sandy*

James W. Sandy (0084246)
McGlinchey Stafford
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
Telephone: (216) 378-9911
Facsimile: (216) 378-9910
jsandy@mcglinchey.com

Julia B. Strickland (*pro hac vice* forthcoming)
jstrickland@steptoe.com
Adam R. Hoock (*pro hac vice* forthcoming)
ahoock@steptoe.com
**STEPTOE LLP**
2029 Century Park East, Suite 1800
Los Angeles, CA 90067
Telephone: +1 213 439 9400
Fax: +1 213 439 9599
docketing@steptoe.com

*Counsel for Defendant BMW Financial Services NA, LLC*

- 7 -

## **CERTIFICATE OF SERVICE**

**I CERTIFY** that a true and accurate copy of the foregoing *Notice of Removal of Action to Federal Court* was served upon the following via electronic mail this 18th day of April 2024:

James A. DeRoche, esq.
jderoche@garson.com
*Counsel for Plaintiff*

Patrick J. Perotti, Esq.
Frank A. Bartela, Esq.
pperotti@dworkenlaw.com
fbartela@dworkenlaw.com
*Counsel for Plaintiff*

/s/ James W. Sandy
James W. Sandy (0084246)

- 8 -