**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ORG HOLDINGS LTD, | ) | Case No. 1:24-cv-00708 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| BMW FINANCIAL SERVICES NA, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff ORG Holdings sued the administrator of its lease agreement, individually and on behalf of all others similarly situated, in State court. (ECF No. 1-1.) Plaintiff claims that Defendant BMW Financial Services NA, LLC was unjustly enriched when it retained "excess insurance proceeds" belonging to ORG Holdings. (*Id.*, ¶¶ 48–70, PageID #21–25.) Pursuant to Rule 12(b)(6), Defendant moved to compel arbitration. (ECF No. 3.) But the Court found that it was not a party to the arbitration clause at issue and unable to enforce it. (ECF No. 23, PageID #239–51.) On appeal, the Sixth Circuit agreed. (*See* ECF No. 26.) On remand, Defendant filed a second motion under Rule 12(b)(6). (ECF No. 31.) Because Rule 12 generally limits the ability of a party to file serial motions at the pleading stage, the Court requested supplemental briefing on the procedural propriety of a second motion under Rule 12 following a motion to compel arbitration. (Minutes, Dec. 10, 2025; *see also* ECF

No. 38, PageID #461.) The parties filed supplemental briefs. (ECF No. 40; ECF No. 41.)

The parties' supplemental briefs were largely unhelpful. Although there is confusion in the Circuits about the proper vehicle for invoking an arbitration clause, *see, e.g.*, *Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (Rule 12(b)(3)); *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365 & n.9 (4th Cir. 2012) (Rule 12(b)(3)); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004) (Rule 12(b)(6)); *Thompson v. Nienaber*, 239 F. Supp. 2d 478, 483 (D.N.J. 2002) (collecting authorities using Rule 12(b)(1)), the Federal Rules of Civil Procedure provide a relatively straightforward answer to this question, at least on the record presented here. By their own terms, the Federal Rules of Civil Procedure have limited application to seeking arbitration under the Federal Arbitration Act. The Rules, "to the extent applicable, govern proceedings under the following laws, except as [the FAA] provide[s] other procedures[.]" Fed. R. Civ. P. 81(a)(6)(B). Under Section 3 of the Act, a party may obtain a stay pending arbitration by filing a motion:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Because Section 3 provides a specific procedure for reference of a matter to arbitration, under Rule 81(a)(6), that procedure displaces the more familiar

practice under Rule 12.  *See Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 836 (6th Cir. 2021).

This understanding of the proper procedure for invoking arbitration clarifies the record.  Previously, BMW FS moved to compel arbitration pursuant to Rule 12(b)(6):

> The proper vehicle when requesting dismissal of a case in favor of arbitration is pursuant to Fed. R. Civ. P. 12(b)(6)." *Spurlock v. Carrolls LLC*, No. 20-cv-1038, 2021 WL 2823430, at *3 (S.D. Ohio July 7, 2021). Indeed, "[a] party's 'failure to pursue arbitration' in spite of a compulsory arbitration provision means that the party has failed to state a claim upon which relief can be granted." *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018).

(ECF No. 3, PageID #39 n.1.)  Regardless of what it said, Defendant sought arbitration pursuant to Rule 81(a)(6) directly under Section 3 of the Federal Arbitration Act.  Therefore, it may still bring a motion under Rule 12.

When this procedural issue arose, the Court stayed briefing on Defendant's motion to determine its propriety and indicated that it would set the balance of the briefing schedule after sorting out the complexities of the present procedural posture. (*See* ECF No. 38, PageID #461.)  Therefore, the Court sets the following briefing schedule on Defendant's motion to dismiss (ECF No. 31) for resolution on the record as it stands without regard to matters outside the pleadings:

| | |
|---|---|
| Plaintiff's Opposition: | August 26, 2026 |
| Defendant's Reply: | September 8, 2026 |

On the close of briefing, the Court will take up the motion to dismiss and the motion to intervene (ECF No. 42) together.

**SO ORDERED.**

Dated:  August 5, 2026

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

4